JAP:MEB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**15 M 0187**

------------------------- X

UNITED STATES OF AMERICA

– against –

ABDULKARIM ALTAREB,

        Defendant.

------------------------- X

C O M P L A I N T
(T. 31, U.S.C. § 5332)

EASTERN DISTRICT OF NEW YORK, SS:

      SEMYON GINZBURG, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about June 16, 2013, within the Eastern District of New York, the defendant ABDULKARIM ALTAREB did knowingly and with the intent to evade the currency reporting requirements under Title 31, United States Code, Sections 5316(a)(1)(A) and 5316(b), conceal more than $10,000 in currency and other monetary instruments, to wit, approximately $776,814 in United States currency, on his person and in articles of luggage and other containers, and transport and transfer and attempt to transport and transfer such currency and monetary instruments

from a place within the United States to a place outside of the United States.

(Title 31, United States Code, Section 5332)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. Your deponent has been with HSI for approximately 6 years, and in law enforcement for 14 years. I am familiar with the facts contained in this affidavit as a result of my participation in the investigation of the bulk cash smuggling discussed in this affidavit, which includes, but is not limited to, my review of the file and conversations with other law enforcement personnel assisting with the investigation.

2. On or about March 1, 2015, the defendant ABDULKARIM ALTAREB, a citizen of the United States of America, attempted to board Qatar Airlines flight 702 to Doha, Qatar, departing from John F. Kennedy International Airport in Queens, New York. In the vicinity of the jet way, defendant was selected for an enforcement examination at approximately 8:00 p.m. The Officers asked ABDULKARIM ALTAREB if he understood English, and he confirmed that he did. Officers from Customs and Border Protection ("CBP") informed the defendant ABDULKARIM ALTAREB of the currency reporting regulations, and presented a customs form for the defendant to read.

3. After the defendant ABDULKARIM ALTAREB finished reading the customs form and confirmed that he understood it, CBP officers asked him to declare all of the currency that he was transporting for himself and for any other person. CBP

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all the facts and circumstances of which I am aware.

officers also informed the defendant that he was required to declare all currency that the defendant was carrying in checked luggage and carry-on luggage, whether in the form of cash, checks, money orders or other negotiable instruments.

4. The defendant then wrote that he was transporting $6,500 in United States currency, which he specified in writing on the CP-909 Form. The CBP Officers asked the defendant if he was transporting currency or any other monetary instruments for himself or another person, and the defendant said no. Defendant was then asked if he was transporting currency or monetary instruments in his checked baggage, and defendant said no.

5. The defendant was asked to produce the $6,500 for verification. The defendant ABDULKARIM ALTAREB produced $5,870 from his person. An authorized patdown was performed, and an additional $212 was found on defendant's person.

6. Examination of two pieces of luggage checked by the defendant ABDULKARIM ALTAREB revealed more than $770,000 in additional United States currency, concealed in various places, including boxes of the following: hand soaps; band aids; Thera-flu; Splenda; and Alka-Seltzer. Cash was also hidden in soles of shoes, and in the lining of a jacket inside of one of the checked bags. A total of approximately $776,814 in United States currency was found on the defendant's person and within the defendant's checked baggage. CBP contacted HSI.

7. HSI agents responded and began to advise defendant ABDULKARIM ALTAREB of his *Miranda* rights. During the reading of his *Miranda* rights, despite the HSI agent repeated warning to defendant to remain silent while he was

advised of his rights, the defendant made statements regarding the ownership of the currency. The defendant stated, in sum and substance, "we are trying to build a building in Yemen. This is my brothers', two brothers' money." The defendant also said, in substance, that some of the money was his money, and some of the money belonged to his family, and that he had a big family. When the HSI agent completed giving defendant his *Miranda* warnings, the defendant invoked his right and requested an attorney.

WHEREFORE, your deponent respectfully requests that ABDULKARIM ALTAREB be dealt with according to law.

_____
SEMYON GINZBURG
SPECIAL AGENT
HOMELAND SECURITY
INVESTIGATIONS

Sworn to before me this
2nd day of March, 2015

_____
HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK